**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

RICHARD SERGEON,

    Plaintiff,

v.                              CASE NO. 3:04-cv-301-J-99HTS

GENERAL MOTORS CORPORATION,

    Defendant.
_____

**O R D E R**

This cause is before the Court on Defendant's Amended Motion for a May 27, 2005 Mental Examination of Plaintiff (Doc. #86; Motion), filed on May 17, 2005, and Defendant's Second Amended Motion for a Mental Examination of Plaintiff (Doc. #90; Second Motion), filed on May 27, 2005 (collectively, Motions). The Motions are opposed. Plaintiff Richard Sergeon's Motion with Supporting Memorandum of Law Objecting, Opposing and Answering Defendant General Motors Corporation's Amended Motion (Doc. #88; Opposition), filed on May 25, 2005.[1]

---

[1] The Opposition is deemed responsive to both motions since the Second Motion was filed simply due to concerns about potential mootness. *See* Second Motion at 1.

Under Rule 35(a), Federal Rules of Civil Procedure, the Court may order a party to submit to a "mental examination by a suitably licensed or certified examiner" when the mental condition of the party is in controversy and good cause is shown. In addition, the movant must give the appropriate notice "to the person to be examined and to all parties." Rule 35(a).

In the Motions, Defendant maintains that Plaintiff's mental condition is in controversy. *See* Motions at 3. Defendant provided notice of the examination to Plaintiff. *See* Defendant General Motors Corporation's Notice of Compulsory Medical Examination, attached to the Motion as Exhibit A; Defendant General Motors Corporation's Notice of Mental Examination, attached to the Second Motion as Exhibit A. The Court finds that the Motions satisfy Rule 35(a), because Plaintiff's mental condition is in controversy and good cause is shown. In addition, the Court finds that Dr. Jeffrey A. Danziger is a "suitably licensed or certified examiner" based on the Curriculum Vitae submitted with the Motions.

Plaintiff argues Dr. Danziger should not be permitted to examine him because his preliminary report, *see* Exhibit 2 attached to Plaintiff Richard Sergeon's Memorandum of Law in Support of Motion Objecting, Opposing and Answering Defendant General Motors Corporation's Amended Motion (Doc. #89), "is so cruel and obviously prejudicial that it defies reason[.]" Opposition at 3. However,

the report appears to offer only the doctor's initial impression based upon the evidence he has already reviewed.  He has perhaps developed a degree of skepticism in regard to Plaintiff's allegations, but on its face the document does not establish Dr. Danziger should be prevented from examining Mr. Sergeon.

Defendant, in filing the Motion on May 17, 2005, did not factor in sufficient time prior to the proposed examination date to ensure Plaintiff would be able to tender a response and the Court issue a ruling on the matter, and the Second Motion specifies no date for an examination.  Accordingly, the Motions (Docs. ##86, 90) are **GRANTED** only to the extent it is found good cause exists for a non-invasive mental examination of Plaintiff to evaluate the mental health and cognitive injuries alleged.  Further, Dr. Jeffrey A. Danziger is determined to be a suitably licensed or certified examiner.  The parties are instructed to confer and attempt to agree upon a location, date and time for an examination by Dr. Danziger.  Defendant shall have five (5) days from the date of this Order within which to effect a filing specifying this information.  If the parties are unable to agree, Plaintiff shall file his response, limited to arguments concerning the location and timing of the examination, within five (5) days of service of Defendant's

specification.  The request in the Opposition for an examination by a court-appointed physician is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, this __6th__ day of June, 2005.

                                          /s/        Howard T. Snyder
                                          HOWARD T. SNYDER
                                          UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
    and *pro se* parties, if any