```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                       JACKSONVILLE DIVISION
```

RICHARD SERGEON,

       Plaintiff,

v.                                      CASE NO. 3:04-cv-301-J-99HTS

GENERAL MOTORS CORPORATION,

       Defendant.

_____

## O R D E R

This cause is before the Court on Defendant, General Motors Corporation's Motion to Compel Response to Third Request to Produce (Doc. #93; Motion). Plaintiff opposes the Motion. Plaintiff Richard Sergeon's Reply Motion in Opposition to Defendant General Motors Corporation's Motion for Sanctions and Order to Compel (Doc. #101; Opposition).

Defendant requests Plaintiff be compelled to respond to "GM's Third Request to Produce," Motion at 1, which sought "all documents referred to in ¶ 2 of [the] Motion to Correct/Amend Clerical Error and Omission filed on December 20, 2004." General Motors Corporation's Third Request to Produce to Plaintiff, attached to the Motion as Exhibit A, at 1. Movant also seeks attorney fees and other sanctions against Plaintiff. Motion at 4-5. Defendant

asserts Plaintiff has failed to respond to the document request, despite more than one attempt by GM to resolve the issue. *Id.* at 2.

Mr. Sergeon responds that General Motors has been in possession of the relevant documents since February 17, 2003. Opposition at 1. In addition, it is argued the documents were included in a 444-page packet of documents given to Defendant on or about January 13, 2005. *Id.* at 1-2.

Rule 34(b), Federal Rules of Civil Procedure (Rule(s)), requires that "[a] party who produces documents for inspection shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request." As such, Mr. Sergeon's contention that he has complied with the request based on the materials already being in Defendant's possession, or by their inclusion in a 444-page submission, is insufficient. Plaintiff must respond to the document request in a manner consistent with Rule 34(b).

In light of the foregoing, the Motion (Doc. #93) is **GRANTED** to the extent Plaintiff shall fully respond to the discovery at issue within ten (10) days from the date of this Order. Due in part to the *pro se* plaintiff's apparently good faith belief that he had already satisfied the production request, it is found an award of expenses would be unjust in this instance. Thus, Defendant's request for attorney fees and additional sanctions is **DENIED.**

However, Plaintiff should be aware that further failures to comply fully with discovery rules may result in the imposition of sanctions.

**DONE AND ORDERED** at Jacksonville, Florida this 13th day of July, 2005.

/s/   Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record and
   *pro se* parties, if any