UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RICHARD SERGEON,

   Plaintiff,

v.                                          Case No. 3:04-cv-301-J-99HTS

GENERAL MOTORS CORPORATION,

   Defendant.
_____/

## ORDER ON MOTION FOR SUMMARY JUDGMENT

Before the Court is Defendant's Motion for Summary Judgment (Doc. No. 62, filed on April 11, 2005) and Plaintiff's Opposition (Doc. No. 75, filed on April 25, 2005).

Also before the Court, is Defendant's Motion for Leave to Reply with the attached Reply (Doc. No. 81-82, filed on May 5, 2005) and Plaintiff's Opposition (Doc. No. 87, filed on May 18, 2005). Rule 3.01(g) of the Local Rules requires a motion to certify that the moving party has conferred with the opposing party prior to filing the motion. Here, the Motion for Leave to File a Reply is subject to being stricken because it omits such certification. The Court will overlook the defect this one time in the interest of time and in light of the fact that the Pre-trial Conference is scheduled for July 28, 2005. However, the Court most likely will not permit this type of omissions in this case again. Therefore, the Defendant's Motion for Leave to Reply is **GRANTED**, and the Reply has been considered by the Court.

Also before the Court, is Defendant's Motion to Strike the Affidavit of Dennis Ditullio (Doc. No. 92, filed on May 31, 2005), which had been attached to Plaintiff's Opposition to the Motion for Summary Judgment (Doc. No. 75). Plaintiff filed a pleading in response to the Motion to Strike (Doc. No. 104, filed on June 17, 2005). Essentially, Defendant's reasons for striking the Affidavit are that it was not written by the witness, Dennis Ditullio; the statements in the Affidavit were retracted and are contrary to Mr. Ditullio's deposition testimony; and the Affidavit is based on hearsay, for which Plaintiff has not shown an exception. First, nothing requires a witness to personally write or type his own affidavit, so that is not a legally sufficient basis for striking this Affidavit. Second, contrary to Defendant's exaggerated version of the extent of Mr. Ditullio's retraction of his sworn statements, a careful review of his deposition shows that the only portion of the four page Affidavit that this witness has actually retracted is part of the second sentence found in paragraph 4, that is, ". . . any moving object inside the vehicle would have been able to easily unlock the safety seat belt." In addition, Defendant's Motion to Strike makes a skewed interpretation of Mr. Ditullio's deposition testimony when claiming that Mr. Ditullio had not been "provided" the photographs referred to in the Affidavit that he signed. Mr. Ditullio's actual testimony is less clear because he also explained that, although he did "not have" the photographs (i.e., was not "provided" them), he "did see" them, and at the time of the deposition, he just simply could not recollect specifically which pictures he had looked at when signing his Affidavit. (Dep. at 53.) Therefore, affiant has not "recanted" his Affidavit's statements and there is no legal basis for striking this part of the Affidavit either.

Third, because Mr. Ditullio's Affidavit is properly based on his personal knowledge, experience and observations which he made while he examined the seat belts at the repair shop that

2

he owns, the Court finds that his statements are not based on inadmissible hearsay for which there are no exceptions. Regarding Mr. Ditullio's statements about the impressions indicated to him by a representative of Defendant who came to his shop to inspect the car and seat belts, such statements could be admissible, and, therefore, will not be stricken at this time. Moreover, even though Mr. Ditullio might not ultimately be qualified as an expert in certain technical matters concerning seat belts, he certainly is qualified to testify as to his personal observations, which he conveyed in the majority of his Affidavit.

Therefore, Defendant's Motion to Strike the Affidavit in its entirety is completely void of any legal basis. Counsel's Motion includes slight distortions of actual statements made by Mr. Ditullio in his Affidavit and at his deposition. Such distortions unnecessarily burdened the Court's time, energy and resources, requiring it to laboriously sort through the Affidavit and the deposition to compare them carefully to the Motion's misstatements, exaggerations and distortions in order to finally make its own independent determination of the issues presented. At most, only a portion of paragraph 4 is subject to being stricken.

Finally, the Court will address the substantive pending Motion - Defendant's Motion for Summary Judgment (Doc. No. 62).

**Motion for Summary Judgment**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of showing the Court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Clark v. Coats

& Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991). When a moving party has discharged its burden, the nonmoving party must then "go beyond the pleadings," and by its own affidavits, or by "depositions, answers to interrogatories, and admissions on file," designate specific facts showing that there is a genuine issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

In determining whether the moving party has met its burden of establishing that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law, the Court must draw inferences from the evidence in the light most favorable to the nonmovant, Key West Harbor v. City of Key West, 987 F.2d 723, 726 (11th Cir. 1993), and resolve all reasonable doubts in that party's favor. Spence v. Zimmerman, 873 F.2d 256, 257 (11th Cir. 1989).

Thus, if a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant the summary judgment motion. Augusta Iron and Steel Works v. Employers Insurance of Wausau, 835 F.2d 855, 856 (11th Cir. 1988). It must be emphasized that the mere existence of some alleged factual dispute will not defeat an otherwise properly supported summary judgement motion. Rather, "the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248.

In its Motion for Summary Judgment, Defendant improperly cites Humphries v. GM Corp., 839 F. Supp. 822 (N.D. Fla. 1993) for its proposition that expert testimony is "the sole way that Plaintiff can establish a genuine issue of material fact regarding an automotive seat belt defect in this case and whether it proximately caused his injuries" (emphasis added). Defendant concludes, therefore, that Plaintiff cannot establish a defect or causation because he had not timely disclosed his

experts and is precluded from bringing any experts. However, Defendant's summary of the Humphries case is stretched beyond its actual holding. First, the court in Humphries indicates that expert testimony was "most likely" necessary to establish that the seat malfunctioned. Also, Humphries is factually distinguishable in that it involved a complex, technical and latent design defect of a seat back locking device, which required "relating the force of the collision, the design and construction of the device, and occupant kinematics" and which was beyond the capacity of lay persons. Id. at 827-28. Also, unlike Mr. Sergeon, the plaintiff in Humphries did not offer any evidence at all - no photographs of the seat, no medical records, nor any evidence linking the defect to the injuries. In addition, the Eleventh Circuit has specifically pointed out that the Humphries opinion "is not binding authority." EDIC v. Century Products Co., 364 F.3d 1276, 1285 (11th Cir. 2004).

Unlike the defective seat back alleged in Humphries, the defect alleged by Mr. Sergeon is a seat belt. This case is more in line with the EDIC case, which involved an allegedly defective child car restraint seat (CRS). The court in EDIC states that the CRS is a device "very much like seat belts." Id. at 1280. Like seat belts, the normal use and purpose of a CRS is to restrain and prevent injury during an automobile collision. Therefore, as the court did in EDIC where a device should have restrained the plaintiff in a collision but failed to do so, the Cassissi inference may be applied here as well to allow a jury to infer that the seat belt was defective by malfunctioning during a collision which was within "the range of normal use." Cassissi v. Maytag Co., 396 So.2d 1140 (Fla. 1st DCA1981). In this circumstance, the "normal use" requirement is based on the "ordinary consumer's expectations" and is for a jury to determine. Id. at 1285. Also, unlike Humphries, the Plaintiff here filed medical records that state he "sustained a fracture of the rib on the right consistent

with pressure from the seat belt," thus raising a genuine question of material fact as to whether he could have been wearing his seat belt at the time of the collision. The medical records also raise a genuine question of material fact as to the seat belt malfunctioning by stating that his head injury "could have been caused by . . . striking" his head on the roof of his car, from which a jury may infer that the seat belt did not restrain him. (Pl's Exh. 7 to Am. Comp.) All in all, the Court finds that the evidence presented by both parties create genuine issues of material fact such that a reasonable jury could return a verdict for Plaintiff, thus precluding summary judgment.

Before this case proceeds to a jury trial, however, the Court feels compelled to address some ground rules for both parties. On one hand, Defendant correctly points out that the Plaintiff is precluded from bringing in an expert witness because he did not meet the deadline for disclosing his expert witnesses and that Plaintiff must be held to deadlines regardless of the fact that he is proceeding *pro se*. On the other hand, however, it is equally important that any counsel appearing before this Court refrain from distorting the case law to claim, for example, that summary judgment should be granted because the Plaintiff, by not timely disclosing an expert witness, is therefore precluded from proving his case because he absolutely needs an expert witness to prove the defect of the seat belt and the causation issues. It is true, as Defendant notes, that pro se litigants enjoy no greater rights than those who employ counsel and that a pro-se plaintiff's ignorance of the law and rules is no excuse for not complying with them. But it is also true that ethics and professionalism require parties to cases to assist the Court with candor in submitting accurate representations of the facts, record, evidence and law. The parties should proceed in a manner that facilitates - rather than impedes - the efficient administration of our system of justice and the respect of the public it serves. Should this case proceed to trial, the parties are forewarned that this Court will not tolerate further

distorted versions of the law, record, evidence or facts, nor any other unprofessional conduct.

The only matter left to be determined as a matter of law is Defendant's request for summary judgment on the issue of punitive damages by applying the "most significant relationship" test used under the conflicts of law principle. The accident (place of injury) occurred in Manchester, New Hampshire, where the independent eyewitnesses, law enforcement and emergency personnel are located, and where Plaintiff was working, receiving medical treatment at the time, and residing for almost three years after the accident. The Plaintiff has resided in Florida since December, 2004. There is unrefuted evidence (through Mr. White's Affidavit filed by Defendant) that the manufacturing, designing and engineering as well as decision-making involved in development and design of the vehicle and allegedly defective seat belts, i.e., the place of Defendant's punitive conduct causing the injury, occurred in Michigan. In applying the test and balancing the competing policy considerations and interests between the states, it appears that the choice of law with the most contacts would be either Michigan or New Hampshire, rather than Florida which has minimal contact. Both Michigan and New Hampshire laws bar punitive damages in products liability cases, so the end result would be the same regardless of the forum the Court selected. Fellows v. Superior Products Company, 506 N.W. 2d 534, 536 (Mich. App. 1993); N.H. Rev. Stat. Ann. §507:16. The choice of law between New Hampshire and Michigan is the latter because the Court finds that it has the most significant relationship. Therefore, Michigan law, which bars punitive damages, must be applied to this case. Judge v. American Motors Corp., 908 F.2d 1565, 1570-71 (11th Cir. 1990); Emmart v. Piper Aircraft Corp., 659 F.Supp. 843 (S.D. Fla. 1987); Kelly v. Ford Motor Co., 933 F. Supp. 465 (E.D. Pa. 1996). Consequently, punitive damages are precluded in this

case. Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1) Defendant's Motion for Leave to Reply (Doc. No. 81-82, filed on May 5, 2005) is **GRANTED,** and the Reply attached to the Motion is deemed to be a part of the file and has been considered by the Court in its decision on the summary judgment motion;

2) Defendant's Motion to Strike the Affidavit of Dennis Ditullio (Doc. No. 92, filed on May 31, 2005) is **DENIED, except** that only the portion that was retracted (i.e., the second sentence in paragraph 4, ". . . any moving object inside the vehicle would have been able to easily unlock the safety seat belt") will be stricken from the Affidavit; and

3) Defendant's Motion for Summary Judgment (Doc. No. 62, filed on April 11, 2005) is **DENIED, except as to the issue of punitive damages, which is GRANTED.**

**DONE AND ENTERED** at Jacksonville, Florida, this ___ day of July, 2005.

HARVEY E. SCHLESINGER
United States District Judge

Copies to:

Richard Sergeon, *pro se*
Brian Baggot, Esq.